UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCELLE CALICA and RAYMOND CALICA, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>GREEN DIAMOND RESOURCE COMPANY,<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cv-00775-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONSOLIDATE |

This matter comes before the Court on the motion of Plaintiffs Vincelle Calica and Raymond Calica to consolidate this action into *Gregorio v. Green Diamond Resource Company*, No. 2:24-cv-00596-LK (W.D. Wash.). Neither Defendant Green Diamond Resource Company nor the *Gregorio* plaintiffs oppose the motion. *Id.* at 1; No. 2:24-cv-00596-LK, Dkt. No. 19 at 2 (W.D. Wash. June 27, 2024). For the following reasons, the Court grants the motion and orders the cases consolidated.

ORDER GRANTING UNOPPOSED MOTION TO CONSOLIDATE - 1

## I. BACKGROUND

On May 9, 2024, Plaintiffs filed a class action complaint against Green Diamond in King County Superior Court, asserting negligence and Washington Consumer Protection Act claims based on a June 2023 data breach of Green Diamond's systems and Green Diamond's subsequent failure to adequately notify affected individuals, including the Plaintiffs, that their private information was compromised. Dkt. No. 1-1 at 5, 22–27.

On June 3, 2024, Green Diamond removed the case to federal district court. Dkt. No. 1. By that time, two class action complaints relating to the same data breach had already been filed in this Court: *Gregorio v. Green Diamond Resource Company*, No. 2:24-cv-00596-LK (W.D. Wash.) and *Valentine v. Green Diamond Resource Company*, No. 2:24-cv-00620-LK (W.D. Wash.). *Gregorio* was consolidated with *Valentine* on May 30, 2024. *See* No. 2:24-cv-00596-LK, Dkt. No. 16 (W.D. Wash. May 30, 2024); No. 2:24-cv-00620-LK, Dkt. No. 4 (W.D. Wash. May 30, 2024).

In its order consolidating *Gregorio* and *Valentine*, the Court appointed William B. Federman of Federman & Sherwood and Tyler J. Bean of Siri & Glimstead LLP as interim co-lead counsel for the consolidated class. No. 2:24-cv-00596-LK, Dkt. No. 16 at 2 (W.D. Wash. May 30, 2024); Dkt. No. 2:24-cv-00620-LK, Dkt. No. 4 at 2 (W.D. Wash. May 30, 2024). After Plaintiffs filed the instant motion to consolidate this matter into *Gregorio*, the Court ordered plaintiffs in both cases to provide "their position as to the appointment of [the same] co-lead interim class counsel for what would be a newly consolidated matter." Dkt. No. 11; No. 2:24-cv-00596-LK, Dkt. No. 17 (W.D. Wash. June 20, 2024).[1] All plaintiffs indicated that they did not oppose the previously ordered leadership structure for counsel. Dkt. No. 13 at 1; No. 2:24-cv-00596-LK, Dkt. No. 19 at 2 (W.D. Wash. June 27, 2024).

---

[1] All three cases were reassigned to the undersigned judge on June 21, 2024. Dkt. No. 12; No. 2:24-cv-00596-LK, Dkt. No. 18 (W.D. Wash. June 21, 2024); No. 2:24-cv-00620-LK, Dkt. No. 5 (W.D. Wash. June 21, 2024).

## II. DISCUSSION

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "A district court generally has 'broad' discretion to consolidate actions[.]" *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (quoting *Investor's Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). "In determining whether consolidation is warranted, courts evaluate the existence of common questions of law or fact and weigh the interests of judicial economy against any delay or prejudice that might result." *Burton-Curl v. Seattle Coll. Dist. S. Campus*, Nos. 2:22-cv-01781-LK, 2:22-cv-01772-LK, 2023 WL 3004063, at *1 (W.D. Wash. Apr. 19, 2023).

Here, both cases arise out of the same June 2023 data breach and subsequent allegedly deficient notification of that breach. Although the three complaints raise different claims against Green Diamond, the cases involve common questions of law and fact, including whether Green Diamond was negligent in safeguarding plaintiffs' private information and whether it violated Washington's Consumer Protection Act, *compare* Dkt. No. 1-1, *with* No. 2:24-cv-00596-LK, Dkt. No. 1 (W.D. Wash. Apr. 30, 2024), *and* No. 2:24-cv-00620-LK, Dkt. No. 1 (W.D. Wash. May 6, 2024). Principles of judicial economy therefore support consolidation. And because the cases are at the same early stage in the litigation, "it does not appear that any delay or prejudice will result from consolidation." *Burton-Curl*, 2023 WL 3004063, at *1. Accordingly, the Court concludes that consolidation is appropriate.

## III. CONCLUSION

For the foregoing reasons, the Court finds and ORDERS as follows:

1. Plaintiffs' Unopposed Motion to Consolidate, Dkt. No. 10, is GRANTED. *Gregorio v. Green Diamond Resource Company*, No. 2:24-cv-00596-LK (W.D. Wash.), and *Calica v. Green Diamond Resource Company*, No. 2:24-cv-00775-LK (W.D. Wash.) are CONSOLIDATED.

2. The parties are DIRECTED to file documents only in 2:24-cv-00596-LK and not in 2:24-cv-00775-LK.

3. The amended consolidated complaint that Plaintiffs filed on July 1, 2024 in 2:24-cv-00596-LK, Dkt. No. 20, is hereby ORDERED to be the operative complaint in the now-consolidated case 2:24-cv-00596-LK.[2]

4. The Clerk is DIRECTED to close the remaining case, *Calica v. Green Diamond Resource Company*, No. 2:24-cv-00775-LK (W.D. Wash.), and VACATE any case management deadlines set in that case.

Dated this 2nd day of July, 2024.

Lauren King
United States District Judge

---

[2] On July 1, 2024, Plaintiffs in *Gregorio* filed an amended complaint in response to the Court's order to file a consolidated complaint after *Valentine* was consolidated into *Gregorio*. *See* No. 2:24-cv-00596-LK, Dkt. Nos. 16, 20 (W.D. Wash.). It appears that Plaintiffs filed this amended complaint under the assumption that the Court would grant the instant motion to consolidate in this case, because the complaint includes the Calicas as plaintiffs. *See* No. 2:24-cv-00596-LK, Dkt. No. 20 at 1, 4–5, 15–19 (W.D. Wash. July 1, 2024). Although the Court acknowledges the inefficiencies of filing multiple amended complaints, the amended complaint that includes the Calicas was nonetheless prematurely filed and therefore procedurally improper. The Court adopts the July 1, 2024 amended complaint as the operative complaint in this instance but reminds all parties that they should not assume that their pending motions will be granted. *Cf.* LCR 7(j).

ORDER GRANTING UNOPPOSED MOTION TO CONSOLIDATE - 4